The Real Estate Title Insurance and Trust Company of Philadelphia, Executor of the Last Will and Testament of Ralph C. Smith, deceased, Appellant, v. The Ætna Life Insurance Company.

*Insurance—Life Insurance—Accumulated insurance—Affidavit of defense.*

In an action against a life insurance company to recover " accumulated insurance " on a policy which had expired, an affidavit of defense is sufficient which avers a special agreement by the assured for a particular kind of additional insurance by which the whole amount of accumulated insurance was to be applied at once, at the date of the new policy, to the payment of the additional insurance, and that such policy was issued to the insured and accepted by him.

Argued March 26, 1897. Appeal, No. 43, Jan. T., 1897, by plaintiff, from order of C. P. No. 3, June T., 1896, No. 959, discharging rule for judgment for want of a sufficient affidavit of defense. Before GREEN, WILLIAMS, MITCHELL, DEAN and FELL, JJ. Affirmed.

Assumpsit to recover " accumulated insurance."

Plaintiff claimed $5,000 on a policy in force at the date of

62 REAL EST. TITLE, ETC., CO., Appellant, *v.* LIFE INS. CO.

Statement of Facts. [181 Pa.

the death of Ralph C. Smith, to wit: February 20, 1896; also the additional sum of $658.95 with interest thereon from June 12, 1896, which amount plaintiff's decedent, in his lifetime, deposited and allowed to remain with defendant to be applied to the payment of such annual premiums on the aforesaid policy as might become due and payable from year to year, during his lifetime. In consideration whereof premium receipts for the full payments which (but for the prior death of said Ralph C. Smith) would have become due for the years ending respectively February 10, 1898, and February 10, 1899, each for the sum of $324.30, and a receipt for the sum of $10.35, on account of the premium for the year ending February 10, 1900, were executed and delivered by defendant, to the said Ralph C. Smith, marked "B," "C" and "D."

Plaintiff avers that by the death of said Ralph C. Smith, on February 20, 1896, the aforesaid policy of insurance determined and became immediately payable, and no further premiums were thereafter collectible thereon. Nevertheless, defendant has retained and still does retain the said sum of $658.95 deposited with it, by the said Ralph C. Smith as aforesaid.

The affidavit of defense was as follows;

Ralph C. Smith on February 10, 1876, took out a policy in the company defendant, No. 113,293, in the sum of $5,000 on the renewable term plan, the terms being ten years each. At the expiration of the first term, in February, 1886, he took a second renewable term policy, numbered 152,009. The only provision in that policy looking towards a cash payment was the seventh clause, which provided that if default should be made in the payment of any premium during the running of the policy the holder should be entitled to receive in cash two-thirds of the accumulations of reserve and surplus. He did not default on the payments, but in 1896, instead of taking out a third term policy, he decided to surrender the policy then held and to take one of another kind, to wit: the ordinary terminal endowment plan, which was issued February 10, 1896, and which is the policy sued out in this case.

The question of the payment of the first premium arose when this new policy was issued, and a special agreement was made with the insured to the effect that, in consideration of his taking new insurance and applying the surrender value of the old

policy towards payment of the premium on the new, the full cash accumulation, which was $983.25, should be allowed to him instead of the two thirds accumulation, the only cash payment contemplated by the policy then just expiring. Mr. Smith agreed to this proposition and signed a receipt which reads as follows:

"Dated, PHILADELPHIA, Feb. 1, 1896.

"I hereby certify that renewable term policy No. 152009 issued by the Ætna Life Insurance Company, on my life, has not been assigned or transferred to any person or party; and in consideration of an allowance of nine hundred and eighty-three 25-100 dollars cash, to be applied in part payment of new insurance now to be taken on the same life, I hereby acknowledge payment and satisfaction in full of said policy, No. 152009 and surrender the same to said Company to be cancelled.

"Witness:

"I. J. TAYLOR.                    RALPH C. SMITH. (Seal)"

This payment which he receipted for was made up of the $324.30 which is recited in the policy itself; $324.30 which is recited in exhibit "B" of plaintiff's statement; $324.30 recited in exhibit "C" of plaintiff's statement and $10.35 recited in exhibit "D" of the said statement. Had he accepted the cash surrender value of two thirds, he would have been paid $655.50 in cash, but he expressly stipulated that he would waive the cash payment and allow $983.25, the full accumulation, to be applied in the way of premium on the new policy, and only in this way, no portion of it to be paid in cash under any circumstances. The insured had at this time the option to take two thirds of the accumulations in cash or to use the total accumulations for new insurance, none of the money to be returned to him. The insured exercised the option and chose to take the entire accumulation and apply the same to the payment of premium. This made a contract between the company and himself and limited any recovery on the new policy to the amount of the said policy.

When the death of the insured occurred and proofs of loss were furnished, the company promptly offered to pay the claimant the full sum of $5,000 named in the said policy, which he refused to accept, claiming that it was entitled not only to the

64 REAL EST. TITLE, ETC., CO., Appellant, *v.* LIFE INS. CO.

Statement of Facts—Opinion of the Court.        [181 Pa.

sum insured but to the payments which were made in advance by the applications of the surrender value of $983.25 above named. The company has been ready, is now ready and tenders itself ready to pay the sum of $5,000, in full of all claims and demands in connection with this insurance, or tenders to pay the said sum into court in full discharge of its obligation under the said policy, but it submits that it is not liable for $5,658.95, the sum sued for by the plaintiff, and the amount claimed in its statement of claim as filed, nor is the company liable for $5,000 as a sum separate and apart from the said sum of $658,95 so that $5,000 should be spoken of as admitted to be due. The company either owes $5,000 or $5,658.95, as one sum.

The court discharged a rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was above order.

*Frederick J. Lambert*, for appellant.

*Samuel B. Huey*, for appellee, was not heard.

PER CURIAM, April 19, 1897:

The affidavit of defense contains a positive averment of a special agreement for a particular kind of policy, by which the whole amount of accumulated insurance was to be applied at once, at the date of the policy, to the payment of additional insurance. Such a policy was accordingly issued to the assured and accepted by him. As this would absorb the whole of the sum of $983.25, the plaintiff as executor, etc., of the assured cannot claim any part of the premiums thus paid. The question whether this defense can be established by competent proof on the trial does not now arise. It will be time enough to meet it when it does arise.

Judgment affirmed.