FRED O. HAMLIN *vs.* FRANK DRUMMOND.

Kennebec. Opinion January 3, 1898.

*Novation. New Trial. Statute of Frauds.*

Novation, in the law of contracts, implies the substitution of a debtor, of a creditor, and of a new contract. It is never presumed, but must always be proved.

*Held;* that the Statute of Frauds does not apply to a case of novation, where the discharge of the original debtor also works a discharge of the substituted debtor's debt to him in consideration of the substituted debtor's promise to pay the same to the creditor. The new promise is still to pay his own debt, but to a substituted creditor, and works a complete novation.

When a question of fact has been submitted to a jury, who saw the witnesses, observed their manner, and could best judge of the truthfulness of their testimony and apply its meaning to the facts in dispute, and the law court from a reading of the evidence cannot say that the finding by the jury is erroneous, *held;* that a new trial will not be granted.

ON MOTION BY PLAINTIFF.

This was an action of assumpsit upon account annexed tried to a jury in the Superior court, for Kennebec county, and brought to the law court on the plaintiff's motion to set aside the verdict rendered against him at the trial.

The case appears in the opinion.

*Harvey D. Eaton,* for plaintiff.

Novation is subject to all the rules concerning contracts in general. 16 Am. & Eng. Enc. of Law, 862.

The case does not show " a full discharge of the original debt, by express terms of agreement, or acts of the parties with clear intention " to that effect. *Cuxon.*v. *Chadley,* 3 B. & C. 591.

Counsel also cited: 2 Whar. Cont. §§ 855, 858; *Owen* v. *Bowen,* 4 C. & P. 93; *Lee* v. *Porter,* 18 Mo. App. 377; *Kelso* v. *Fleming,* 104 Ind. 180; *Scott* v. *Atchison,* 36 Tex. 76; Pollock Cont. (2nd Ed.) 189; *Conquest's Case,* 1 Ch. D. 334, 341.

*S. S. and F. E. Brown,* for defendant.

SITTING: FOSTER, HASKELL, WHITEHOUSE, STROUT, SAVAGE, JJ.

HASKELL, J.   Assumpsit for the service of a stallion, $35 "to warrant."   The evidence seems to justify the finding of a compliance with the warranty so that the amount charged "for service" became due and payable from the defendant.

The defendant sets up "novation."   He says that plaintiff agreed to take another man as paymaster, in consideration that he, defendant, should exchange his mare, then with foal, for a horse then owned by the other, who, in consideration thereof promised to pay defendant's debt to the plaintiff.   He did so exchange, and the jury found a novation.

I.   It is contended by plaintiff, that the stranger received no consideration for such promise, if he made one, and therefore it was not binding upon him, and could not work a discharge of the defendant's debt to plaintiff; and that such promise would be void under the statute of frauds as a promise, not in writing, to pay the debt of another.

Novation is a word foreign to the common law and has its natural meaning only in the civil law.   It implies the substitution of a debtor, of a creditor, and of a new contract.   It is never presumed, but always must be proved.   The most frequent novation is the substitution of a new debtor, and his promise to pay the debt must be a valid and binding promise to work a discharge of the old debtor; and, were it not for the statute of frauds, it would seem that the discharge of the old debtor would be a sufficient consideration to make valid the new promise, and it would logically follow that if the new promise be in writing so as to comply with the statute of frauds, such promise would be valid.   But where the discharge of the original debtor also works a discharge of the substituted debtor's debt to him in consideration of the substituted debtor's promise to pay the same to the creditor, the statute does not apply, for the new promise is still to pay his own debt, but to a substituted creditor, and works a complete novation.   *Dearborn v. Parks*, 5 Maine, 81; *Brown v. Attwood*, 7 Maine, 356; *Rowe v.*

*Whittier*, 21 Maine, 545; *Cutler* v. *Everett*, 33 Maine, 201; *Maxwell* v. *Haynes*, 41 Maine, 559; *Perkins* v. *Hitchcock*, 49 Maine, 468; *Goodwin* v. *Bowden*, 54 Maine, 424; *Stewart* v. *Campbell*, 58 Maine, 439; *Heaton* v. *Angier*, 7 N. H. 399; *King* v. *Hutchins*, 28 N. H. 580; *Winslow* v. *Locke*, 60 N. H. 580; *Crowfoot* v. *Gurney*, 9 Bing. 372.

So in the case at bar. If the defendant owed the plaintiff $35, and he accepted a stranger as a substituted debtor, who engaged to pay the debt, in place of boot that he was to pay the defendant in the exchange of horses, he, the stranger, thereby really engaged to pay his own debt due the defendant by paying it to the plaintiff for the defendant's use, so that it was a valid promise, not to pay the debt of another, but his own debt, that worked the discharge of defendant's debt to the plaintiff. It was a perfect novation.

II. Whether such contract was made is a question of fact, and has been submitted to a jury, who saw the witnesses, observed their manner, and could best judge of the truthfulness of their testimony and apply its meaning to the facts in dispute, and the jury found that a novation had been proved. We cannot say to the contrary from reading the evidence. The plaintiff denies the novation. Both the other parties swear to it. The jury has settled the fact, and we dare not disturb the verdict.

*Motion overruled.*