[No. 1042.    September 13, 1904.

HARRIETTE CARPENTER, ORMEDA C. CARPEN-
TER and ORMEDA C. CARPENTER as ADMIN-
ISTRATRIX of the Estate of SAMUEL P CAR-
PENTER, Deceased, Appellants, v. SIGMUND
LINDAUER and JOSEPH P. McGRORTY, Ap-
pellees.

SYLLABUS.

1.    This court will not interfere with the findings of fact of the
trial court where there is sufficient evidence to support such find-
ings.

2.    An administratrix cannot bind the estate by her contract;
but by such contract binds herself personally to the extent of the as-
sets of the estate in her hands.

3.    An administratrix of the estate of her deceased husband
(such estate being wholly community property), is liable to the
extent of such estate to creditors of the community.

Appeal from the district court of Grant county be-
fore FRANK W. PARKER, Associate Judge.    Affirmed.

OSCAR A. APPEL for appellants.

The finding of the court that the allegations of fraud
and misrepresentation on the part of Lindauer, in the
matter of procuring the issue of 165 shares of the capital
stock of the Sapello Cattle Company without considera-
tion, contained in subdivision IV of the third amended
complaint, is not sustained by the evidence, is manifestly
against and clearly not supported by the evidence, and
so subject to review.

Rush v. Fletcher, 70 Pac. (N. M.) 559;
Romero v. Coleman, 70 Pac. (N. M.) 559;
Badaracco v. Badaracco, 65 Pac. (N. M.) 153;
Stamm v. Albuquerque, 63 Pac. 963; Givens v.
Veeder (N. M.), 50 Pac. 316; Mitchell v. Reed,
16 Colo. 109; Commercial Bank v. Lieuallen,
46 Pac. (Idaho) 1020.

Carpenter v. Lindauer.

Court will reverse chancellor's findings where there is not substantial evidence to support them.

> Medler v. Albuquerque Hotel Co., 6 N. M. 331; Coleman v. People, 7 Colo. App. 243.

As to privileged communications.

> 1 Greenleaf on Evidence (14 Ed.), secs. 236-240; Sec. 3021, C. L. N. M. 1897.

The measure of damages in the matter of his fraudulent warranty of the title of the Three Circle Ranch to the administratrix, applied by the court, was erroneous, and such damage should have been assessed at the difference between the value the stock would have had if as represented, and that which it actually had — the same being a personal property and not a real estate warranty.

> Hadley v. Baxendale, 9 Ex. 341; Merrill v. Nightingale, 39 Wis. 247; Freyman v. Knecht, 39 Wis. 247; McClure v. Williams, 65 Ill. 390; McCormick v. Nanatta, 43 Iowa 389; Wright v. Davenport, 44 Tex. 164; Tatum v. Mohr, 21 Ark. 349; Clark v. Neufville, 46 Ga. 261; and see, also, 6 Wheaton 109.

The court erred in not decreeing against McGrorty as prayed in the third amended complaint, and in not rendering an affirmative judgment against him as prayed in the joint amended reply to the answer.

> Ford v. Williams, 21 Howard 287; Hyde v. Wolf, 4 Iowa 234; Taintor v. Prendergast, 3 Hill. 72; Breggs v. Partridge, 64 N. Y. 357; Exchange Bank v. Rice, 107 Mass. 37; Merrill v. Kenyon, 48 Conn. 314.

The consideration for the assent to the allowance of the $3,405 in the probate court having been wholly an indebtedness of the deceased, it was necessary to file a sworn claim in that court, or the allowance would be void.

> Sec. 1967, C. L. N. M. 1897; Clancy v. Clancy, Administrator, 7 N. M. 405 and 616.

No such filing having been made in this matter, the indebtedness, if any, became barred at the expiration of one year from February 3, 1898, the date of the issue of the letters of administration to the administratrix.

Sec. 2062, C. L. N. M. 1897.

The administratrix in assenting to the allowance and waiving preliminary notice acted within her statutory authority.

Secs. 1967 and 1999, C. L. N. M. 1897.

Having so acted, and in a representative capacity, she entailed no personal liability, whatever the status of the claim against the estate.

Rathbon v. Budlong (N. Y.), 1 Am. Lead. Cases 742; Dickey v. Trainer, 43 Pa. St. 511; Whitman v. Wyman, 101 U. S. 392; Baldwin v. Black, 119 U. S. 643; Am. Nat. Bk. v. Wheelock, 82 N. Y. 118.

There being no evidence that the administratrix individually promised to pay the $3,405 and no offer to introduce such evidence, the judgment against her must be reversed.

Bedlow v. N. Y. Floating Dry Dock Co., 112 U. S. 163; The E. A. Packer, 140 U. S. 360; The City of New York, 147 N. Y. 77.

The judgment rendered against Ormeda C. Carpenter, depending on the erroneous interpretation of a written instrument, will be reviewed and reversed by the court.

Brown v. State (Ala.), 14 So. 761; Whelman v. Winchester Arms Co., 55 Conn. 349; McCormick Harvesting Machine Co. v. Adele, 47 Ill. App. 542.

It was error to render judgment for costs against Ormeda C. Carpenter.

Smith v. Broyles, 24 Ky. 461; Day v. Cummings, 19 Vt. 496; Weston v. Cushing, 45 Vt. 531; Dawson v. Holt, 44 Tex. 174.

A. H. HARLEE and S. M. ASHENFELTER for appellees.

The administrator voluntarily made herself a party plaintiff in said cause, though nominally appearing as a defendant, and as such plaintiff subjects herself to any judgment or decree which the proofs may warrant against her; especially since she asked for affirmative relief against Lindauer and McGrorty.

> Phillips, Code Pleading, secs. 256, 260, and notes; 2 Estee, Plead., sec. 3370; Tyrrell v. Baldwin et al. (Cal.), 6 Pac. 867; 2 Ency. Pl. and Pr., 643; Heeronimus v. Harris, 53 Ky. (14 B. Mon.) 311.

The rule as to the personal liability of an executor or administrator, when based upon an express contractual liability, even in the absence of assets, is as follows: "An executor or administrator being a person under no disability, may by his own contract, render himself liable for any of the debts of the decedent; and he is bound individually, and not otherwise by his promise to pay a debt of the decedent, though he promise to pay as executor or administrator, because he has no power to bind the estate by contract."

> Woerner on Am. Law of Administration, sec. 381, star p. 795; 11 Am. and Eng. Ency. Law (2 Ed.), pp. 914-916, 917, and authorities cited; McGrath v. Barnes, 36 Am. Rep. 687; Snead v. Coleman (7 Gratton, Va.), 56 Am. Dec. 12; Bank of Troy v. Topping, 13 Wend. (L. Co-op. Ed.) 55; Schmittler v. Simon (101 N. Y. 554), 54 Am. Rep. 737; McElderly v. McKenzie (2 Porter 33), 27 Am. Dec. 643.

The mere fact that an executor or administrator in executing an obligation, appends to his signature words descriptive of his representative character does not prevent personal liability from attaching.

11 Am. and Eng. Ency. Law (2 Ed.), 914, 915, 916, and note; Duval v. Craig, 2 Wheat. (U. S.) 45.

Since an executor cannot by law pay interest on the debts of his testator, the agreement to do so must be ascribed to the executor individually, and to his desire to secure delay.

Childs v. Monins, 2 Brod. & B. 460, 6 E. C. L. 228; 3 Williams on Exec., pp. 295-296.

The effect of such an agreement, based upon new and independent considerations is to render the administrator individually liable.

2 Am. and Eng. Ency. of Law (2 Ed.), pp. 232, 233, 234.

Where such considerations enter into a contract made by an administrator, the rule of personal liability is said to be inflexible.

2 Am. and Eng. Ency. Law (2 Ed.), p. 933.

The law presumes assets.

Am. and Eng. Ency. Law (2 Ed.), 1916, note.

The obligation is presumed to have been a community debt.

Ballenger on Com. Prop., sec. 119; and see, Crary v. Field et al., 9 N. M. 222; Barnett v. Barnett, 9 N. M. 205; Gilbert v. Warren (N. M). 62 Pac. 975; Ballenger on Com. Prop., sec. 232.

As to the measure of damages.

3 Sedgwick on Damages (8 Ed.), secs. 956, 976-979, 980; and see, also, Wheeler v. Sohier, 3 Cush. 219; Statt v. Ten Eyck, 3 Caines 11; Sedgwick on Damages, 957 to 961.

As to costs.

Ency. Pl. and Pr., pp. 144-145.

As to the weight to be given to the findings of the lower court.

Badaraco et al. v. Badaraco, 65 Pac. (N. M.) 153; Romero v. Coleman et al. (N. M.), 7 Pac. 559.

Communications voluntarily made to an attorney, by his former client, after confidential relationship had terminated, may be proved by the testimony of the attorney, although they are the same in substance as communications made while the relationship existed.

Jordan v. Haas, 13 Johns (N. Y.) 492; 23 Ency. Pl. and Pr., p. 64; Sec. 3021, Comp. L. N. M. 1897.

Where the attorney is a party to the transaction.

1 Greenleaf (13 Ed.), sec. 242; See, also, Singer Bros. v. Moody, 60 Tex. 96; Lang v. Moody, 2 Tex. Land Rep. 378.

### STATEMENT OF THE CASE.

The material facts in this case as shown by the record are as follows:

Samuel P. Carpenter died January 20, 1898, intestate, leaving surviving him, Ormeda C. Carpenter, his widow, and Harriette Carpenter his only child. On February 3, 1898, his widow was appointed and qualified as adminstratrix of his estate. Sigmund Lindauer claimed that Carpenter at the time of his death was indebted to him, Lindauer, in a large sum of money, to-wit about three thousand five hundred dollars. The whole estate of Samuel P. Carpenter was community property, having been acquired after the marriage of Samuel P. Carpenter with Ormeda C. Carpenter. On the twenty seventh day of April, 1898, there was a settlement, or agreement, between the adminstratrix and Sigmund Lindauer, that the indebtedness owing from the estate to Sigmund Lindauer was thirty-four hundred and five dollars. Sigmund Lindauer, was indebted to Joseph P. McGrorty in a large sum of money equal to or greater than thirty-four hundred and five dollars. Said Mc-

Grorty also held and owned five hundred and one shares of stock in the Sapello Cattle Company. In consideration of the assignment to McGrorty by Lindauer of his claim of thirty-four hundred and five dollars against the estate, McGrorty transferred and delivered to Ormeda C. Carpenter, administratrix, the five hundred and one shares of the Sapello Cattle Company. The contract further provided that the administratrix should go into the probate court of Grant county and confess judgment against the estate and in favor of Joseph P. McGrorty in the sum of thirty-four hundred and five dollars, which was accordingly done.

There are other facts and recitals in the contract which we deem irrelevant to the issues before the court. This suit was brought by Harriette Carpenter, only child of Samuel P. Carpenter, to set aside the judgment in the probate court and the said contract, alleging, as reasons therefor, fraud in the procurement of the contract and judgment.

The defendant Joseph P. McGrorty in his answer to the complaint states that he was the owner of said five hundred and one shares of the capitol stock of the Sapello Cattle Company, and that he transferred the same to the defendant Ormeda C. Carpenter for the consideration of thirty-four hundred and five dollars, and other considerations existing between Lindauer and himself.

There were other transactions between the parties concerning certain interests in the Fort Commings Land and Cattle Company, the exchange of stock in said company, etc., which we deem of no importance in the determination of the issues presented in this case.

The joint answer of defendants Lindauer and McGrorty is composed of admissions and denials of the allegations of the complaint, together with some affirmative allegations which we deem not material in determining the issues presented.

OPINION OF THE COURT.

BAKER, J. (after stating the facts).—There are but two questions presented in this case: First, did the court err in its findings of fact that there was no fraud in the procuring of the contract between Ormeda C. Carpenter, administratrix, and Lindauer? Second, did the contract between Ormeda C. Carpenter, administratrix, and Lindauer, bind Ormeda C. Carpenter individually?

There is conflicting evidence on the question of fraud in the procurment of said contract; evidence that might have warranted the trial court in finding either way. It is a well-settled rule of law in this Territory as well as elsewhere, that the findings of fact by a trial court will not be disturbed, where there is enough evidence to support such findings. Romero v. Coleman, 70 Pac. 559 (N. M.); Waldo v. Beckwith, 1 N. M. 97; Bordeau v. Baca, 2 N. M. 194; Territory v. Webb, 2 N. M. 147; Lynch v. Grayson, 7 N. M. 26; Hooper v. Browning, 19 Neb. 420, 27 N. W. 419.

We affirm the lower court in its findings of fact that there was no fraud in procuring the said contract.

The entire estate of Samuel P. Carpenter being community property, Ormeda C. Carpenter was equally liable with her husband for the Lindauer debt, it being a community debt. She was no less liable after the death of her husband. Ballinger on Community Prop., secs. 231 to 233 inclusive; Crary v. Field, 9 N. M. 222; Barnett v. Barnett, 9 N. M. 205.

All of the estate of Samuel P. Carpenter was liable for the payment of the Lindauer debt. If the contract between Ormeda C. Carpenter and Lindauer served no other purpose, it was an admission of the indebtedness of the estate and of herself of thirty-four hundred and five dollars in favor of Lindauer. The fact that Mrs. Carpenter was administratrix neither adds to nor abridges her power to administer the community prop-

erty as between such property and creditors of the community.    Crary v. Field, supra.

The defendant Ormeda C. Carpenter, not only in the contract with Lindauer admitted the indebtedness of the estate to Lindauer but there is sufficient amount of oral evidence to establish that fact. Mrs. Carpenter as administratix, had no power to bind the estate by contract to pay McGrorty the indebtedness due from the estate to Lindauer; but by the contract as administratrix, she bound herself individually to the amount of the assets of the estate in her hands.    This however would not relieve the estate from the payment of the debt.    By virtue of the contract, Mrs. Carpenter is liable individually to the amount of assets of the estate held by her as administratrix, and she is also liable as survivor of the community, to the extent of the community property.    Schmittler v. Simon, 101 N. Y. 554; 2 A. and E., Ency. of Law (2 Ed.), P. 216; 11 A. and E. Ency. of Law (2 Ed.), p. 933; Snead v. Colman, 6 Am. Dec. 112 (Va.); McGrath v. Barnes, 36 Am. Rep. 687, 13 S.C. 328; Germania Bank v. Michand, 54 Am. St. 653 (Minn); Taylor v. Davis, Adm., 110 U. S. 330.

For the reasons given the judgment of the lower court is affirmed.

Mills, C. J., McFie and Pope, JJ., concur.

Parker, A. J., having tried this case below, took no part in this decision, nor did Mann, A. J., who was not on the bench when the case was tried.