Dougherty et al v. Van Riper, 16 N. M. 600.

[No. 1399.   December 8, 1911.]

HARRY M. DOUGHERTY and JOHN E. GRIFFITH, Partners, under the name of DOUGHERTY & GRIF- FITH,   and HERBERT B. HOLT and W. A. SUTHERLAND, Partners, under the firm name of HOLT & SUTHERLAND, Appellees, v. FANNY V. VAN RIPER, Appellant.

## SYLLABUS.

1.   Novation means the substitution of one debtor by mutual agreement for another.

2.   Statement of facts comprises a complete novation.

3.   Findings of the trial court based upon conflicting evi- dence will not be disturbed upon appeal.

4.   A contract of novation is not obnoxious to the Statute of Frauds or governed by it.

Appeal from the District Court for Socorro County, before M. C. Mechem, Associate Justice.   Affirmed.

Renehan & Davies for Appellant.

There was no novation.   29 Cyc. 1130; 2 Page on Contracts, secs. 211, 629; 1 Parsons on Contracts 237; Tatlock v. Harris, 3 T. R. 174; Stowell v. Cram, 184 Mass. 563; Boston Ice Co. v. Edward Potter, 123 Mass. 28; Charles v. Amos, 10 Colo. 276; Vance v. Mfg. Co., 82 Fed. 251; 21 Enc., 2 ed. 666.

A novation upon condition cannot exist until the condition is fulfilled.   Hyde v. Booraem, 16 Pet. 180; 21 Enc. 670; Wilson v. Copeland, 106 Eng. Rep. 1176; ex parte South, 36 Eng. Rep. 907; Edgell v. Tucker, 40 Mo. 527; Butterfield v. Hartshorn, 7 N. H. 346.

Statute of Frauds.   Marion v. Young, 46 Mich. 103; Wierman v. Sugar Co., 106 N. W. 81;   Chenoweth v. Building Assoc., 53 S. E. 561;   Kelso v. Fleming, 104 Ind. 180; Bank v. Kirkwood, 85 Ill. App. 235; 184 Ill. 143; Netterstrom v. Gallistel, 110 Ill. App. 353; Izzo v.

Ludington, 79 N. Y. S. 744, 178 N. Y. 621; Mowry v. Trust Co., 76 Fed. 45; Hanson v. Nelson, 84 N. W. 742.

JAMES G. FITCH for Appellees.

Novation. 29 Cyc. 1130.

Findings supported by substantial evidence will not be disturbed on appeal. Territory v. Sais, 15 N. M. 171; Pecos-Valley Co. v. Cecil, 15 N. M. 45; 29 Cyc. 1132; Walker v. Wood, 170 Ill. 463; Union Cent. Ins. Co. v. Hoyer, 66 Ohio St. 344.

A contract of novation is not within the Statute of Frauds. 29 Cyc. 1188; 20 Cyc. 160, 186, 188, 276, 253, 263; Phillips v. Ocmulgee Mills, 55 Ga. 633; Neaves v. North State M. Co., 90 N. C. 412.

Agreement was unconditional. 1 Dan. Neg. Inst., sec. 81.

Damages. C. L. 1897, sec. 3143.; Laws 1907, chap. 57, sec. 39; Dold v. Robertson, 3 N. M. 520; Shafer v. Second Nat. Bank, 4 N. M. 292; Jones-Downs Co. v. Chandler, 13 N. M. 501.

## STATEMENT OF THE CASE.

This is an attachment suit brought by the plaintiff against the defendant, Fanny V. Van Riper, to recover the sum of five thousand dollars alleged to be due the plaintiffs at and prior to the 21st day of October, 1909, for services rendered to James G. Darden in litigation theretofore pending between Darden and the defendant Fanny V. Van Riper. It appears that in this prior litigation between Darden and the defendant, the plaintiffs were attorneys for Darden and that the sum sued for in this case was due to said attorneys from Darden. It appears, from the record, that this former litigation was between James G. Darden and the defendant, who was at that time the wife of Darden, and the controversy involved a divorce and the adjustment of property rights in a very considerable amount of property. While this litigation was pending negotiations were entered into for the settlement of the controversy between the parties and, on the

21st day of October, 1909, a settlement was agreed upon and effected whereby Darden agreed to convey certain real and personal property to the defendant and the defendant, in consideration thereof, agreed to assume and pay Darden's attorney fee to the plaintiffs in this case, amounting to the sum of five thousand dollars. It is admitted that Darden conveyed the property to the defendant and the plaintiffs allege that the defendant received and has had the benefit of this property since its conveyance to her, but she has failed and refused to pay them the five thousand dollars which she assumed and agreed to pay them. The findings of . fact of the trial court covering the above issues are as follows: "That at and prior to the 21st day of October, A. D. 1909, plaintiffs had, as such attorneys, rendered legal services to one James G. Darden and for which the said James G. Darden was then and there indebted to plaintiff; that on the said 21st day of October, 1909, a settlement was had and effected by and between the said Darden and the said defendant of and concerning certain controversies and litigation in regard to their respective rights in and to certain property, real and personal, situated in the County of Bernalillo, Territory of New Mexico, and elsewhere, whereby the said Darden did promise and agree to convey to the said defendant, Fannie V. Van Riper, certain property, real and personal, in the County of Bernalillo and elsewhere; and in consideration thereof, the said defendant, Fannie V. Van Riper, did agree to forthwith assume, pay off and discharge the indebtedness of the said Darden to plaintiff, which said indebtedness was then and there ascertained to be and was fixed at the sum of five thousand dollars, which sum defendant agreed to pay to plaintiffs herein and plaintiffs, in consideration of said promise and undertaking of defendant, agreed and promised to accept the said sum of five thousand dollars from the said defendant, Fannie V. Van Riper, in full payment and discharge of said indebtedness and agreed to release, and did release and discharge the said Darden, for and on account of the said indebtedness. It is further found that the said James G. Darden did on the said date convey to the said defendant

the said property as he agreed to do and that the said defendant, Fannie V. Van Riper, accepted and still holds and retains the same and the rights and benefits thereof; that the said defendant, though often requested, has failed and refused to pay the said sum of five thousand dollars to these plaintiffs, or any part thereof; that by reason of the said refusal of the said defendant, the said plaintiffs have been damaged in the sum of five thousand dollars, with interest at the rate of six per cent. from the 21st day of October, 1909, amounting to the sum of three hundred dollars; that all the other allegations of the complaint of plaintiffs are true. It is further found that the said cause was instituted by the said plaintiffs against the said defendant by attachment and that the property belonging to the said defendant, situated in the County of Bernalillo, Territory of New Mexico, was attached; and it is further found that the said Fannie V. Van Riper is not a resident of, nor resides in this territory and that the said defendant has no property situated in the County of Socorro, Territory of New Mexico; and that the said grounds of attachment are sustained; and that while the said attachment so sued out by plaintiffs against the property of said defendant was in full force and effect, and before judgment was rendered in this cause, that the defendant executed a bond to the said plaintiffs, reciting and specifying the property so attached, and conditioned that if the defendant should perform the judgment of the court in the premises, than the said bond to be null and void, but otherwise to remain in full force and effect; that the said bond was executed by the said defendant, Fannie V. Van Riper, as principal, and the United States Fidelity and Guaranty Company, as surety, on the 6th day of May, 1910, and filed in this court on the 9th of May, 1910, upon the said property belonging to the said defendant, so attached by the process of this court, sued out on behalf of plaintiffs, and thereafter by an order of this court entered in this cause on the 19th day of May, 1910, discharged the said attachment, and the levy made thereunder by the sheriff of Bernalillo County, released, and restitution made the defendant of all property taken

or levied upon, pursuant to said writ of attachment." Jury being waived, trial was had by the court and judgment was rendered for the plaintiffs in the sum of five thousand three hundred dollars and interest, to reverse which judgment defendant has appealed to this court.

## OPINION OF THE COURT.

M'FIE, J.—There is but one issue in this case, as disclosed by the record and briefs of counsel, and that is whether or not there was a complete and unconditional novation created by the settlement of the former litigation between the parties. The court below found that a complete novation had been established by the evidence and thereafter rendered judgment for the full amount due plaintiffs. Under the civil law there were at least three different kinds of novation and under the common law there can be no doubt of the existence of the kind of novation alleged in this case. "Novation means simply the substitution of one debtor by mutual agreement for another. Kelso v. Fleming, 104 Ind. 180. The novation here defined, is identical with the novation pleaded by the plaintiffs in this case where a new debtor is substituted for the old." On page 11 of appellant's brief the following admission is made: "The testimony of Holt, Dougherty and Sutherland is in substantial accord, that Van Riper agreed to pay Darden's debt to them in consideration of Darden's releasing to Van Riper the property in controversy and Darden's release by Dougherty, et al, from his obligation to them." This statement seems to comprise a complete novation as having been established, at least by the testimony of the three plaintiffs above named, and as found by the court. The indebtedness of Darden to the plaintiff was not denied, nor was the fact of this settlement agreement controverted, nor the further fact that a draft for the full amount due the plaintiffs was made by or on behalf of the defendant, Mrs. Van Riper, and with her knowledge and that the draft was given to the plaintiffs and accepted by them, so that the only real controversy is as to whether the payment of the indebtedness evidenced

by the draft, which was dishonored when presented for payment, was conditional or not. It is insisted by counsel for the defendant that after Mrs. Van Riper had entered into the contract to assume and pay the plaintiff's attorneys fees on condition that Mr. Darden would convey and transfer to her all of the property referred to in the contract, that Mr. Britt, one of the attorneys for the defendant, demanded that the draft should be made on ten days' time and that defendant's counsel insisted upon the property being free of all incumbrances or other obligations and that this was a condition upon which counsel for Mrs. Van Riper based the claim; that the acceptance of the property from the plaintiff was conditional and such condition not having been complied with novation was incomplete and there could be no recovery. If the contract was conditional in this respect, the law is well settled that until the condition is fulfilled the novation contract would not be complete, but an examination of the evidence and the finding of the court does not sustain the existence of this condition. Three witnesses, Holt, Dougherty and Sutherland, testified that the agreement to assume and pay the indebtedness due the plaintiffs at the time the contract was entered into, was unconditional and that while Mr. Britt did raise this question as to incumbrance upon the property, plaintiffs refused to consider that matter for the reason that Mrs. Van Riper had entered into the contract without any condition whatever and that plaintiffs insisted upon the unconditional character of the contract. It appeared from the testimony that there was some controversy about the giving of this draft, but, to settle that controversy, Mr. Renehan endorsed the draft, thus making it acceptable to the plaintiffs, and it is in testimony that the reason Mr. Britt assigned for requesting that the draft should be on ten days' time was because he intended to visit Mexico and would, therefore, be absent for a time, and not for the reason that he desired time to examine as to the incumbrance of the property to be conveyed to his client; and it further appears that when this matter of examining the property as to incumbrance was mentioned to the plain-

tiffs and the plaintiffs were requested to consent thereto they refused to consent and refused to even mention the matter to Mr. Darden. That thereupon Mr. Renehan requested permission to have a consultation with Mr. Darden, and did have a conversation with him, but the plaintiffs deny that the result of that conversation was ever made known to them or that they at any time admitted the conditional character of the contract claimed by defendant's counsel.

Mr. Britt and Mr. Renehan testified that there was this condition, and in that respect their testimony is in conflict with testimony for the plaintiffs. It must be admitted, therefore, that there is a conflict in the evidence as to this vital point, three witnesses testifying to the unconditional character of the contract of novation and two witnesses testifying to the conditional character of it. Such being the case this court has repeatedly held that **3** the findings of the trial court based upon conflicting evidence will not be disturbed by this court upon appeal, there being substantial evidence upon which to base the finding and verdict. Candelaria v. Miera, 13 N. M. 360, and cases cited. The findings, however, are supported also by the admitted facts that Mr. Darden did convey or return to the defendant the property which the contract provided should be returned to her and the draft was actually executed and given to the plaintiff. These facts not only show that the defendant had entered into the contract to assume and pay this indebtedness to the plaintiff, but that Darden as well as the plaintiffs and defendant was a party to the transaction and performed his part of the contract. The acceptance of the draft by the plaintiffs completes the link in the chain of novation. In the case of Kelso v. Fleming, 104 Ind. 180. the court said: "One of the essential elements to a novation is, that there should have been an extinguishment of the old debt; and another is that there should have been a mutual agreement between all the parties that the old debt should become the obligation of the new debtor." And in the case of McCartney v. Kipp, 171 Pac. 644, the court said: "There must be an acceptance of the new debtor

by the creditor and that the parties in interest assented to the extinguishment of the old debt." It is apparent from the fact that the draft was issued for the payment of the old debt and Darden, the other party to the transaction, having conveyed the property to the defendant as a consideration for the payment of the old debt by the defendant, that it was in contemplation of all the parties that the old debt should be extinguished as far as Darden was concerned and that the defendant, Mrs. Van Riper, became the new debtor by assuming and agreeing to pay the indebtedness which she knew Darden owed to the plaintiffs. The acceptance of the draft executed under the contract of the defendant to pay the debt is further evidence of the intention of the plaintiffs to release Darden from the payment of the old indebtedness. It seems, therefore, that every essential of contractual novation is found in the present contract as was found by the court below. Based upon the supposition of defendant's counsel that the contract was conditional so as to defeat complete novation, counsel argue that recovery in this case is barred by the statute of frauds, but the law is that **4** a contract of novation is not obnoxious to the statute of frauds or governed by it. In the case of Hamlin v. Drummond, 91 Me. 175, it is held that the statute of frauds does not apply in case of a complete novation. A number of other citations might be made to this same effect, but it is deemed unnecessary in this case. Finding no error in the rendering of the judgment of the court below, the same will be affirmed with costs.