(No. 2313.    Feb. 2, 1920.)

## KELLY v. LA CUEVA RANCH CO.

### SYLLABUS BY THE COURT

1. Findings of fact, based upon conflicting evidence, will not be disturbed on appeal, where supported by substantial evidence.                                                          P. 677

2. Nonjurisdictional propositions, raised here for the first time, will not be considered.          P. 678

3. Findings examined, and held not to be inconsistent.
P. 679

Appeal from District Court, San Miguel County; Leahy, Judge.

Action by Henry W. Kelly against the La Cueva Ranch Company. From a judgment for plaintiff, defendant appeals. Affirmed.

W. G. HAYDON, of East Las Vegas, and E. C. CRAMPTON, of Raton, for appellant.

S. B. DAVIS, JR., and A. T. ROGERS, JR., both of East Las Vegas, for appellee.

OPINION OF THE COURT

PARKER, C. J. This is an appeal from the district court of San Miguel county, from a judgment rendered against the La Cueva Ranch Company, appellant, in favor of Henry W. Kelly, appellee, for $13,000.

The complaint contains two counts. The first alleges the making of a verbal contract of brokerage for the sale of certain real and personal property of the appellant and its performance by the appellee in procuring a person able, ready and willing to purchase the property on the terms fixed by the appellant, on account of which the appellant is indebted to the appellee in the sum of $13,000; that being 5 per cent. of the sale price of said property. The other count was upon the same transaction in quantum meruit.

The appellant denied the material allegations of the complaint, and the cause was tried to the court without a jury; the issues all being found in favor of the appellee. The evidence upon which the findings of the court are based is conflicting. From the case made by the appellee it appears that the appellant company was organized

in 1883, and from that time to and including the year 1917 D. C. Deuel was one of the directors of the company and its treasurer and general manager. The president of the company for about three years preceding the year 1917 resided outside of the state of New Mexico and did not attend any directors' meetings. The other director was Hugh Louden, the secretary of the company. For many years the appellant company was desirious of selling its ranch and the personal property connected therewith, and in 1908 prevailed upon the appellee to undertake to furnish a person ready, able, and willing to buy the same. At that time it was agreed that, in the event the appellee · fulfilled his part of the contract, he should receive 5 per cent. of the amount for which the entire property was sold as his compensation for furnishing the purchaser. In that year he brought together the manager of the appellant company and a party of Zionists from Illinois, but no purchase was consummated. Later another party was shown over the ranch by the appellee with a view of purchasing it, but this deal also failed of consummation.

In the early part of 1917 the appellee introduced as a purchaser to the manager of appellant company another party. Deuel, the manager, agreed with appellee that, in the event that a sale to this party was consummated, the appellee would receive 5 per cent. of the selling price as his compensation. This deal also failed of consummation; the appellee being notified of the decision of the prospective purchaser not to purchase by a letter signed "La Cueva Ranch Company, by Hugh Louden, Secretary," dated April 18, 1917. Later in the same year, in the month of July, Deuel again requested the appellee to find a purchaser for the ranch and personal property of the appellant company, and the appellee agreed to do so. At that time, acording to the testimony of the appellee, Deuel stated:

"We will not have any controversy about the commission. I will see that you get the commission already agreed upon."

In September, 1917, two months after the conversation referred to, a man named Hunt visited the appellee, and the later brought to his attention the real estate and personal property of the appellant company. The appellee described the property in detail, arranged with Deuel for an inspection of the property by Hunt and his associate, and sent his (appellee's) agent on such inspection with Hunt and his associate. Hunt and his associate subsequently purchased the property. Hunt himself testified that appellee's version of the transaction was correct, although Hunt's associate apparently did not know that the appellee was to receive a commission on the sale. Nor is it clear that Hunt knew it, but that is immaterial.

The case made by the appellant was contradictory of that made by appellee. Deuel testified that he made no agreement whatever with appellee to pay him a commission on the sale of the property, and that the relationship between the company and the appellee had always been most friendly, each party accommodating the other as occasion arose; the intimation being that Kelly was not acting as a broker for commissions, but was simply accomodating the appellant company, in return for accommodations rendered to him by the appellant company. He testified that only he or Mr. Louden had authority to agree to pay brokers' commissions. Mr. Louden also testified that he supposed that Kelly's actions in the premises were rendered gratuitously, and that he had not been employed to procure a purchaser for the company.

[1] Findings based upon conflicting evidence will not be disturbed on appeal, where the same are supported by substantial evidence. Anderson v. Reed, 20 N. M. 202, 212, 148 Pac. 502, L. R. A. 1916B, 862; Moore v. Mazon Estate, 24 N. M. 678, 175 Pac. 714. This rule disposes of all propositions raised by appellant except two.

The appellant argues that there is no evidence that Deuel, the manager of the appellant company, had power and authority to employ a broker to obtain a purchaser for the property of the appellant corporation, and that the power to transact its general business did not include the power to sell out the corporation, lock, stock, and barrel; the consent of the stockholders being necessary for that purpose. There is no evidence that the appellant company did not possess other property than that sold by it to Hunt and his associate. The statement of Deuel indicates that he did have authority to make a contract of brokerage with Kelly. He testified as follows:

"Q. You stated, also, in answer to a question of Mr. Crampton, that neither you, nor anybody else, gave any promise at that time regarding a commission. As a matter of fact, was there anybody else who would have any authority to make him such a promise? A. No, sir; there was not.

"Q. You were then and have been ever since, in general charge of the affairs of the La Cueva Company? A. Yes, sir.

"Q. And no one, other than yourself, unless possibly Mr. Louden, would have any authority, to make such a statement to him? A. No, sir."

Regardless of whether such evidence was admissible or not, it constitutes an admisison on the part of the witness, who was the majority stockholder, a director, and the general manager of the company, that he had authority to make a contract of brokerage for the appellant company.

[2] An additional reason, however, exists for holding that appellant's contention that the general manager was without power to bind the company is not well taken. The proposition was not raised during the trial of the case. It was raised in the motion for a new trial, but of course that does not cure the default in raising it at the proper time. It is not the function of a motion for a new trial to raise propositions not raised in the progress of the cause, as we have often heretofore held.

[3] The fifth and twelfth findings of the court are as follows:

"That in the month of July, 1917, the defendant, acting through said D. C. Deuel, as manager and treasurer of La Cueva Ranch Company, authorized the plaintiff herein to procure a purchaser for the property of the said La Cueva Ranch Company, and at said time agreed to pay the said plaintiff a commission of 5 per cent. on the same price of said property, should plaintiff be successful in procuring such purchaser."

"That the services of said plaintiff in procuring said purchaser were rendered with the expectation on plaintiff's part, and were accepted by the defendant with the knowledge, that compensation therefor should be paid."

The argument of counsel for appellant as to the alleged inconsistency between these two findings is that the fifth finding is based upon an express contract, whereas the twelfth finding is based upon an implied contract or quantum meruit. Counsel for appellant state this is true, or that the twelfth finding "is wholly unnecessary." We agree with counsel that the finding is probably wholly unnecessary, for the court found that an express contract of brokerage was made between the parties, and consequently whether the appellee "expected" compensation would ordinarily be immaterial, cept that it was not immaterial in this case, for the reason that one of the contentions appellant apparently made in the trial was that the services of appellee were rendered gratiously as an accomodation in payment of gratuitous services rendered to appellee by appellant. We observe no inconsistency in the two findings. The twelfth finding simply contradicts the proposition that Kelly was a volunteer.

For the reasons stated, the judgment of the trial court will be affirmed; and it is so ordered.

ROBERTS and RAYNOLDS, J.J., concur.