[No. 2687.   July 1, 1922.   Rehearing Denied Oct. 10, 1922.]

## KISTLER-OVERLAND CO. v. JENSON

### SYLLABUS BY THE COURT

Findings supported by substantial evidence will not be disturbed on appeal.

Appeal from District Court, Bernalillo County; Hickey, Judge.

Action by the Kistler-Overland Company, a corporation, against Neal Jenson. Judgment for plaintiff, and defendant appeals. Affirmed.

George C. Taylor, of Albuquerque, for appellant.

H. B. Jamison, of Albuquerque, for appellee.

### OPINION OF THE COURT

DAVIS, J.   The complaint in this case asked judgment for labor performed and materials furnished in August, 1919, in the repair of an automobile, the material being itemized on an attached exhibit.   The answer contained a general denial and affirmative defenses, the first of which was that in June the defendant left the automobile with plaintiff for repairs and paid for what

was done, but the work was defective and plaintiff agreed to repair the car again and make no charge unless defendant was satisfied, and that the second attempt, which constituted the basis for this action, was as unsatisfactory as the first; and further that, in connection with a trade of cars between the parties somewhat later, plaintiff agreed to cancel any claim for the repair work. The reply denied all this new matter. After hearing the evidence, the trial court found the facts for the plaintiff and rendered judgment. The defendant appealed, contending that there was no proof to support the claim of plaintiff and that the uncontradicted testimony sustained his own defenses. The only question presented for our determination is as to whether the findings and judgment were based upon substantial evidence.

Proof of the actual performance of the labor and furnishing the materials was given by mechanics who worked on the car, and there was evidence that the charges for labor and parts were those customary and reasonable. The findings of the court in these respects were based on this evidence, and must therefore be followed.

The real defense was that this work and material were to be furnished free of charge because done in remedying unsatisfactory prior service. Appellant testified positively to an agreement with the manager of appellee to the effect that the car would be put in satisfactory condition, or no charge would be made, and also testified that the work was not satisfactory. But there was a disagreement as to the exact understanding between them, the manager stating that he promised, when the car was delivered to appellant, that, if not in proper condition, it would be made so if returned for further work, and that the car was not brought back. Proof of the agreement for free service was essential to the defense, and, under this evidence, we cannot interfere with the finding that it was not sufficiently proven.

The trial court found that the indebtedness was not

released by appellee, and, under the state of the evidence, we cannot interfere with this finding.

For the reason stated, the judgment will be affirmed, and it is so ordered.

RAYNOLDS, C. J., and PARKER, J., concur.