[No. 3220. Feb. 23, 1929.]

ECKERT et al. v. LEWIS et al.

[275 Pac. 767.]

R. L. Young and W. C. Whatley, both of Las Cruces, for appellants.

Holt & Holt, of Las Cruces, for appellees.

## OPINION OF THE COURT

PARKER, J. Appellees brought suit to establish and foreclose a vendor's lien upon certain real estate in Dona Ana county, which they had conveyed to appellants, and for which ·appellants had failed to pay. Appellants answered admitting most of the allegations of· the complaint, denying knowledge of some, and, by way of counterclaim, set up a copy of the contract of sale of the real estate involved; the payment of· $500 down on the date of the contract; that the title to the property was found to be defective, and that appellees thereupon agreed to file a ·suit in the district court of Dona Ana county to quiet the· title thereto, and thereafter to convey to appellants the title thereto, in accordance with the original contract; that appellees failed to promptly file and prosecute said suit, and by reason of their ·delay and negligence a decree quieting title was not obtained until April 28, 1924; that, after such negligence and delay, appellees promised appellants on or about April 24, 1924, that they would deliver a warranty deed to such premises on April 26, 1924, but that, by reason of appellees' procrastination and delay, said deed was not delivered until May 2, 1924; that, relying upon the promise of appellees in regard to the delivery of said deed, and at the ·special instance and request of appellees, appellants purchased from the City National Bank of El Paso, Tex., for cash, on April 25, 1924, two drafts on New York, aggregating the amount of the purchase price still due; that thereafter on May 2, 1924, upon delivery of said deed, appellants delivered said drafts to appellees in payment of the balance of said purchase price, and the same were accepted and received· as such; that at all times from February 9, 1924, the date of the contract of sale, to May 2, 1924, appellants

were prepared, able, and willing to pay the consideration
for such conveyance in cash, and, but for the delay of
appellees, the same would have been paid; that the said
City National Bank of El Paso, up to May 6, 1924, con-
tinued to do business and pay its obligations; that appel-
lants were informed that a receiver for such City National
Bank of El Paso had been appointed, and that appellees
had filed with him a claim for the full amount of such
two drafts, upon which claim they had received the sum
of $680, and that they still were demanding the remainder
of said claim.

Appellees replied to the answer and denied all delay,
procrastination, or negligence in regard to the contract,
suit to quiet title, or conveyance; denied that said drafts
were procured at their instance or request, and alleged
that they were procured upon appellants' own initiative
and without the knowledge of appellees until they were
presented in payment of the remainder of said purchase
price, and that they were presented for collection in the
usual manner immediately upon receipt; that appellants
made no complaints of any alleged delays of appellees
until after the failure of said City National Bank and
the dishonor of said drafts, and that any alleged delay of
appellees was waived by appellants; that appellees were
ready and free to deliver warranty deeds to said premises
on February 14, 1924; and that all delays subsequent
thereto were caused by appellants' insistence upon incon-
sequential and groundless matters.

On September 14, 1926, there was filed another and
final decree by the district court in and for Dona Ana
county in favor of appellees. The court found (4) that
on or about February 17, 1924, appellees furnished the
appellants complete abstract of title of said premises as
provided in said contract for the sale of said real estate;
(5) that subsequent and prior to May 2, 1924, appellees'
title to the premises was approved by appellants, and
thereupon, on May 2, 1924, appellees delivered to appel-
lants a warranty deed conveying the said real estate de-
scribed in said contract, which deed contained the usual
covenants of general warranty, and against incumbrances,
and that appellees thereby in all respects fully complied

with the covenants and conditions of the said contract of sale, and appellants then and there accepted the aforesaid warranty deed; (6) that, upon the delivery of the aforesaid warranty deed, appellants delivered to appellees the two drafts on New York for the remainder of the purchase price due for said premises; (7) that the appellee, J. F. Eckert, immediately upon receipt of the said drafts, indorsed his name upon the back of each draft and deposited the same for collection in the First National Bank of Las Cruces, N. M., and that said bank thereupon and in due course of business transmitted said drafts through the United States mails for collection from the drawee of said drafts; that said drafts were delivered in payment of the balance due upon the purchase price of the said land; (9) that on May 5, 1924, the City National Bank of El Paso, maker of said drafts, closed its doors and was placed in the hands of a national bank examiner; (10) that on May 7, 1924, the said drafts were presented for payment at the Seaboard National Bank in New York, the drawee thereof, by the National Park Bank of said city, and neither of said drafts were paid and were duly protested for nonpayment; (11) appellees caused the title to said premises to be quieted and the proceedings therefor were prosecuted, and a decree obtained within a reasonable time and without delay or negligence on the part of appellees, and that within a reasonable time after final decree a warranty deed was executed and delivered to appellants; (12) that appellees are not chargeable with procrastination, delay or negligence in quieting said title, nor in executing and delivering the said warranty deed, nor in accepting and depositing for collection the two drafts aforesaid, and that they did and performed all acts and things required by the aforesaid contract between them and appellants; (13) that, since the return of said drafts, unpaid, appellees have often requested appellants to pay the sum represented by said drafts, but that appellants have failed and refused to pay the same; (16) that appellee J. F. Eckert filed with the receiver of the insolvent City National Bank of El Paso, Tex., the proofs of claim for the payment of the said drafts, which were approved by the receiver of said bank as general claims, and that subsequent to the filing of said claim and approv-

al thereof the said receiver has paid to appellee J. F. Eckert on said drafts the sum of $1,020.78, and that the appellants are entitled to be credited with the amount of said dividends and any further dividends thereafter to be paid, and that the same should be set off against the balance of said purchase price due appellees.

The court made the following conclusions of law: (1) That the court has jurisdiction of the parties and of the subject-matter of the cause; (2) that the appellees have fully sustained all of the allegations of their complaint and of their reply and are entitled to the relief prayed for therein; (3) that appellants have wholly failed to sustain the allegations of their amended answer and counterclaim, and are not entitled to judgment against appellees on said counterclaim as prayed.

The court thereupon decreed (a) that the appellees have judgment against the appellants for the sum of $3,400, with interest from May 2, 1924, until paid, together with $2.66 protest fees on said drafts and costs of suit; (b) that there should be deducted from the amount of said judgment all sums of money paid and thereafter to be paid to J. F. Eckert by the receiver of said City National Bank of El Paso as dividends on the general creditor's claim theretofore filed with said receiver; (c) that appellees have and are hereby declared to have the first and prior lien against the said premises and real estate for the payment of the said sums of money, which lien was adjudged and decreed to be a vendor's lien upon the said premises for the unpaid portion of the purchase price thereof, less credits as set forth in paragraph (b) hereof; (d) that, in default of the payment of said sum of money within ten days from the date of said decree, the said premises and real estate should be sold, and from the proceeds of said sale, after paying the costs and expenses thereof and of the action, the remainder should be applied to the payment of the said lien and judgment, and the remainder, if any, should be paid to appellants, and that appellees have judgment against appellants for any deficiency which may exist after said sale; (e) that in event the appellants should fail to pay the amount of said judgment to appellees within the said ten days, the real estate

should be sold by a master in the manner provided by law for the sale of real estate under a mortgage foreclosure, and that said master should receive for his services in that behalf the sum of $50, to be paid from the proceeds of said sale, as expenses thereof.

Appellants argue that appellees could not recover on account of the nonpayment of the two drafts because of such nonpayment, it is asserted, resulting solely from the negligence, procrastination, and delay of the appellees, and judgment in their favor was error. The trouble with this proposition in this case is that the district court found that appellees were not guilty of negligence, procrastination and delay in the premises.

The appellants requested a finding of the court that the appellee J. F. Eckert requested the appellants to procure New York exchange for the amount due on the purchase price of the land. This finding the district court refused to make. We have examined the testimony on the subject, and find a direct conflict between appellants and appellees on this subject. The appellants both testified that the appellee J. F. Eckert did request the New York drafts. On the other hand, the appellee J. F. Eckert testified that he never did request New York exchange in payment of the amount. The district court saw and heard the witnesses and had an opportunity to observe them and their demeanor while testifying. He saw fit to believe the testimony of the appellee Eckert, and his determination is conclusive on this court. Counsel for appellees have collected the cases on this subject, which we will insert merely for convenience of reference. Newcomb v. White, 5 N. M. 437, 23 P. 671; Clark v. Gold Mining Co., 5 N. M. 325, 21 P. 356; U. S. v. Rio Grande Dam & Irr. Co., 10 N. M. 634, 65 P. 276; Id., 184 U. S. 416, 22 S. Ct. 428, 46 L. Ed. 619; O'Neill v. Otero, 15 N. M. 719, 720, 113 P. 614; Jenkins v. Maxwell Land Grant Co., 15 N. M. 286, 107 P. 739; Carpenter v. Lindauer, 12 N. M. 388, 395, 78 P. 57; Candelaria v. Miera, 13 N. M. 360, 84 P. 1020; Armijo v. Henry, 14 N. M. 181, 188, 89 P. 305, 25 L. R. A. (N. S.) 275; Rush v. Fletcher, 11 N. M. 555, 558, 70 P. 559; Green v. Browne & Manzanares Co., 11 N. M. 658, 666, 72 P.

17; Stringfellow v. Petty, 14 N. M. 14, 17, 89 P. 258; Dougherty v. Van Riper, 16 N. M. 600, 606, 120 P. 333; Moore· v. Mazon Estate, 24 N. M. 666, 678, 175 P. 714; Grissom v. Grissom, 25 N. M. 518, 523, 185 P. 64; Kelly v. La Cueva Ranch Co., 25 ·N. M. 674, 677, 187 P. 547; Torlina v. Trorlicht, 6 N. M. 54, 57, 61, 27 P. 794; Mapel v. Starriett, 28 N. M. 1, 3, 205 P. 726; McDonald v. De Witt, 28 N. M. 161, 207 P. 1084; Johnson v. Downs, 28 N. M. 210, 210 P. 224; Kistler-Overland Co. v. Jenson, 28 N. M. 235, 210 P. 103; Johnson v. Hickel et al., 28 N. 'M. 349, 353, 212 P. 338. This doctrine is thoroughly settled in this jurisdiction, and requires no discussion.

If the appellees did not demand New York exchange, as the court in effect found by his refusal to find to the contrary, then all questions as to delay and procrastination in the suit to quiet title and the preparation and presentation of the warranty deed became immaterial. If the appellants wished to make any point in regard to such delay, the time to make the same was when the deed was presented for acceptance and payment. They having made no such objection at that time, the right to do so was lost.

 Appellants contend that, in case this court holds that appellees are entitled to a vendor's lien on the premises and to judgment foreclosing same, it was error to provide in the decree that the property might be sold in less time from the date of the decree than is provided in regard to mortgages in section 4775, Code 1915. The proposition is merely stated and not argued further than to cite the statute. The statute is not applicable, as the lien is an implied one, not reserved by any writing. Under such circumstances we do not feel it necessary to discuss the thing, and therefore deny the contention.

 Appellants urge that they are entitled to damages by way of counterclaim by reason of the delay which resulted from the failure of appellees to accept the said drafts for the period of seven days after their date. But, as before seen, the appellees did not request the drafts and are in no way responsible for their dishonor. Appellants further contend that appellees were guilty of negligence and delay in the presentation of the said drafts for pay-

ment, which discharges the appellants from their indorsement thereon. The trouble with this proposition is that the district court found upon substantial evidence that appellees were not guilty of any lack of diligence in the presentation of said drafts for payment.

It follows from all of the foregoing that the judgment of the district court is correct and should be affirmed, and the cause remanded, with directions to enter judgment against the appellants and the surety upon their supersedeas bond, and it is so ordered.

BICKLEY, C. J., and WATSON, J., concur.