(No. 1612, August 4, 1914)

CARRIE M. CHILDERS, Individually, and as Execu-
trix of the Estate of WILLIAM B. CHILDERS, Ap-
pellant, vs. ADOLPH J. LAHANN, Appellee.

### SYLLABUS BY THE COURT.

1. Where a plaintiff in ejectment, brought in support of
an Adverse Claim, filed in the United States Land Office
against a patent application, relies upon a location he must
prove all of the acts of location, including the posting of
the location notice, the discovery of mineral in place, and
a marking of the boundaries of a claim upon the ground.
The introduction of a certified copy of the record of the loca-
tion notice of a mining claim is not proof of these acts of
location. Adverse possession of the premises for the stat-
utory period held not available to the plaintiff in this case,
because not pleaded nor proved, and an admission in the
answer of a defendant of the existence of a valid location
by plaintiff's grantors held not available to plaintiff because
not called to the attention of the trial court.

P. 304

Appeal from District Court, Lincoln County; Edward
L. Medler, Presiding Judge. Affirmed.

E. W. DOBSON, for Appellant.

Did work done by lessees upon compromise mine inure
to benefit of real owners? 24 Neb. 273; 77 Am. St. Rep.,
p. 810.

Public Domain. 84 Pac. 223; 23 Dec. Dept. Interior
267.

Mining claims in hostile, adverse possession of another.
44 Pac. 243; 21 Pac. 1002; 34 Pac. 637; 44 Pac. 246,
*supra*.

Burden of Proof. 22 Morrisons Mining Rep. 276; 130
U. S. 291.

Failure to Do Annual Labor. 70 Pac. 123; 76 Fed.
50; 78 Pac. 251; 83 Pac. 376, 381.

JOHN Y. HEWITT, A. H. HUDSPETH, E. C. WADE, JR., for Appellees.

Requirements of statutes must be substantially complied with. 7 Col. 614; 9 N. M. 356; 11 N. M. 279; 104 U. S. 284; Lindley on Mines, 2nd Ed., Sec. 392; 4 Mont. 550-556; 29 Mont. 1; 104 U. S. 284.

Assessment Work. Sec. 2315, C. L. 1897; 16 N. M. 121; 14 N. M. 96; 1 Morison Min. Rep. 536; 24 Nev. 217; Snyder on Mines, Sec. 494; 52 Pac. 609; 1 Morr. 536; 9 N. M. 360; 133 U. S. 527-534; 21 Pac. 1002; 5 Nev. 44; 7 Fed. Rep. 331; 5 Nev. 44; 334-335, 7 Fed. Rep.; 64 Pac. 223; 14 N. M. 133-4.

## OPINION.

PARKER, J.—This is an action of ejectment brought in support of an Adverse Claim, filed in the United States Land Office at Roswell, by the plaintiff and appellant against the application for patent filed by the defendant and appellee in said land office, under the provisions of Section 2325 and 2326 of the Revised Statutes of the United States. The claim of the plaintiff is known as the "Compromise," and the claim of the defendant is known as the "Smuggler." The Compromise was located April 21, 1887, and the Smuggler was located on February 23rd, 1901, overlapping the ground formerly included within the Compromise location to the extent of 7.99 acres. The case was tried before the court without a jury, and the court made, among others, the following findings:

"1. That a copy of a location notice of the Compromise Mining Claim in White Oaks Mining District, Lincoln County, New Mexico, was recorded in the records of said county on May 9, 1887.

2. That aside from the notice above mentioned, no proof of the location of said Compromise Claim was submitted in this case."

We have carefully examined the testimony of Benjamin H. Dye, one of the original locators of the Compromise Claim, and he fails to testify as to any of the acts of

location, required by the law in order to effect a perfect location of a mining claim. He does not testify to the marking of the claim on the ground so that its boundaries can be readily traced, or the discovery of mineral in place or the posting of the notice of location upon the claim.

The provisions of Section 2324, Revised Statutes of the United States, are, of course, familiar to all. They provide:

"The location must be definitely marked on the ground so that its boundaries can be readily traced. All records of mining claims hereafter made shall contain the name or names of the locators, the date of the location, and such description of the claim or claims located by reference to some natural object or permanent monument as will identify the claim."

At the time of the location of the Compromise Claim, the statute of the then Territory of New Mexico, was practically identical with the Federal Statute, except that it required record of a copy of the location notice, and is Section 2286, C. L. 1897, and is as follows:

"Any person or persons desiring to located a mining claim upon a vein or lode of quartz or other rock in place bearing gold, silver, cinnabar, lead, tin, copper or other valuable deposit, must distinctly mark the location on the ground so that its boundaries may be readily traced, and post in some conspicuous place on such location, a notice in writing stating thereon the name or names of the locator or locators, his or their intention to locate the mining claim, giving a description thereof by reference to some natural object or permanent monument as will identify the claims; and also within three months after posting such notice, cause to be recorded a copy thereof in the office of the recorder of the county in which the notice is posted. AND PROVIDED, No other record of such notice shall be necessary."

It is apparent that under both the Federal and Territorial statute the record of the location notice was required to contain nothing more than the names of the locators, the date of location and a description of the claim by refer-

ence to some natural object or permanent monument as will identify the claim.

The discovery of mineral and marking on the ground of the boundaries of the claim, the posting of a location notice are not required by either statute to be recited in the location notice. It therefore follows that such recitals in a location notice and in the record of the same are not even prima facie evidence of the truth of the recital.

"A record of a certificate of a location which recites the citizenship of locators, the fact of discovery, and the fact that the location had been marked upon the ground so that the boundaries could be readily traced, is not evidence of any of these facts in any of the states, for the simple reason that no such facts are required to be stated in any of the statutory notices.

Where the right of possession is founded upon an alleged compliance with the law relating to a valid location, all the necessary steps, aside from the making and recording of the location certificate, must, when contested, be established by proof outside of such certificate. The record of the certificate is proof itself of its own performance as one of such steps, and in regular order, generally speaking, the last step in perfecting the location." Lindley on Mines (3rd Ed.), Sec. 392; Farmington G. M. Co. vs. Rhymney G. & C. Co., 20 Utah 363, 77 Am. St. Rep. 913, 58 Pac. 832.

This is the settled doctrine in all of the mining states.

It follows that the plaintiff utterly failed, in fact made no attempt, to show the necessary facts entitling her to the possession of the Compromise Mining Claim, and, therefore, no recovery should be had by her.

Counsel for plaintiff makes no attempt to answer this proposition except to say that the evidence shows that the plaintiff and her predecessors in title were in the open, notorious, and continuous occupancy of the premises in controversy for more than ten years after the date of location and prior to the intrusion of the defendant. He further relies upon a recital at the bottom of the location notice by Benjamin H. Dye, one of the locators, to

the effect that there was opened and cut a tunnel on said claim, exposing mineral in place more than ten feet below the surface, prior to the recording of the location notice. The latter recital is, of course, entirely incompetent as a matter of evidence under the doctrine hereinbefore mentioned.

A sufficient answer to the suggestion that ten years continuous occupancy of the premises is sufficient to establish right in the plaintiff, is the fact that no such case was set up in the pleadings and no such case is proved by the evidence. It is established by the testimony of Dye that the annual assessment work upon the claim was performed for more than ten years next after the date of location. But that plaintiff's grantors were in the open, notorious, exclusive and continuous adverse possession of the ground in controversy for more than ten years prior to the location of the defendant, is neither pleaded nor proven.

There is an admission, also, in the answer of defendant to the effect that the Compromise Claim was a valid location when made, but it is alleged that the annual expenditure was not made thereon by the owners for the year 1900, and that, therefore, the same became open to location. This admission alone might well be held to avoid the necessity of proof of location. Such an admission in a location notice has been held to avoid the necessity of such proof. Wills v. Blain, 5 N. M. 238. But no such proposition was presented to the trial court, and no findings were requested or made upon the subject. We are, therefore, precluded from considering the same.

The court below considered three propositions, viz: 1. Was the Compromise Claim a valid location? 2. Was the annual assessment work done thereon by the owners for the year 1900? 3. Was the Smugglers Claim a valid location and duly preserved by the performance of the annual expenditure thereon required by law?

The court found in the negative on both the first and second proposition, and, as to the first, so found because of the entire absence of proof to the contrary. This finding being correct, there is no necessity to examine the

second proposition to which counsel devoted practically all of their briefs. The question is presented thereunder as to whether the annual assessment work, performed by à person who goes into possession of a mining under a void judicial sale, inures to the benefit of the claim and prevents its forfeiture.

As before seen, however, the court having found that there was no proof of location of the Compromise Mining Claim, it becomes immaterial whether the annual assessment work was performed thereon or not.

For the reasons stated, judgment of the lower court will be affirmed, and, it is so ordered.