(No. 2031, January 7, 1918.)

## MORRILL v. MASTIN, et al.

### SYLLABUS BY THE COURT.

1. Nonjurisdictional questions raised for the first time on appeal will not be considered.        P. 565

2. Officers and agents of a corporation have no power to

agree with a subscriber of the capital stock to such corporation that he may cancel his subscription at his option, any time before the maturity of the note given in payment thereof, and have his note returned to him, unless such power is conferred upon such officers by charter or statute or by the by-laws of the corporation.                                    P. 566

Appeal from District Court, Grant County; Neblett, Judge.

Action by Charles B. Morrill, receiver of the People's Savings Bank & Trust Company, against M. D. Mastin and the Capital Savings Investment company. Judgment for plaintiff upon a directed verdict, and defendants appeal. Affirmed.

H. D. Terrell, of Silver City, for appellants; James Royall, of Silver City, for appellee.

### OPINION OF THE COURT.

HANNA, C. J.   This is an action brought by Charles B. Morrill, receiver of the People's Savings Bank & Trust Company of Silver City, N. M., appellee, against M. D. Mastin upon a promissory note executed by appellant in favor of the Capital Savings-Investment Company, a foreign corporation authorized to do business in this state.   From a judgment entered upon a directed verdict the appellant appeals.

The note was in the sum of $1,000 and represented the payment of appellant's subscription to a designated number of shares of the capital stock of the said investment company.   The appellant defended upon the ground that at the time of the execution of said note a contemporaneous agreement was made, whereby the appellant became entitled to cancel his subscription to the capital stock of the investment company and thereupon have this note returned to him, it being further agreed that the said note would not be negotiated by the investment company until after the maturity thereof, and that pursuant to such agreement and prior to the negotiation of said note to the People's Savings

Bank & Trust Company, the appellant canceled his said stock subscription and was assured by the president of the said investment company that his note had been destroyed. It was also alleged that the People's Savings Bank & Trust Company had full knowledge of such facts at the time it purchased said note. At the trial the plaintiff offered the said note in evidence, whereupon for the first time appellant became apprised of the fact that upon the face of the note appeared a stamp mark or impression, partly erased and obliterated, bearing the word ''Paid.'' A witness for the appellee testified that the stamp was similar to that customarily used by the People's Savings Bank & Trust Company to evidence the payment or cancellation of notes owned by it. All testimony in behalf of appellant concerning the alleged contemporaneous agreement and the alleged cancellation of the subscription contract and the destruction of the said note was stricken by the court upon the motion of appellee, and the court, upon motion of appellee, directed the jury to return a verdict for appellee.

· [1] The appellant contends that the court was in error in directing a verdict for appellee. The argument goes to the proposition that the evidence disclosed that upon the face of the note appeared a paid stamp mark, and therefore it became incumbent upon the appellee, under section 717, Code 1915, to explain this evidence showing a prima facie case of payment or cancellation of the note. Not having sustained that burden, appellant argues that the court should not have directed a verdict in favor of appellee. The section of the statute cited, supra, provides, in effect, that a cancellation of a negotiable instrument made unintentionally, or under mistake, or without authority, is inoperative, but where an instrument or signature thereon appears to have been canceled, the burden of proof rests upon the party alleging that the cancellation was unintentional, or made under mistake or without authority. The supposition is that appellant contends that the paid stamp constitutes evidence of cancellation rather than payment, because the evi-

dence of appellant disclosed that the note had not been paid, and that the stamp was customarily used to evidence the cancellation of a note as well as the payment thereof. The point certainly involves questions of much interest, but we shall not consider the question, for the reason that it is raised here for the first time. The appellant stood on the alleged cancellation of the instrument by the joint acts of himself and the president of the investment company, and so far as the record discloses the proposition now urged by appellant was not presented to the trial court. The doctrine that nonjurisdictional questions will not be considered here for the first time has so often been declared by this court that citation of authority thereon is unnecessary.

[2] Objection is made to the action of the trial court in striking out testimony of witnesses concerning the alleged parol contemporaneous agreement made between the appellant and the investment company, which was to the general effect that appellant had the privilege of canceling his stock subscription any time before the maturity of the note and thereby became entitled to the return of his note, the president of the said investment company agreeing to retain the said note until its maturity. Appellant contends that it was competent for the parties to dissolve or annul the agreement contained in the note by a subsequent parol agreement and thus make a new contract, except where the rights of holders for value and without notice are concerned. Other propositions are advanced in the argument by appellant which have no relation to the question under discussion. The appellee contends that the alleged agreement, if permitted to stand in evidence, would tend to vary and add to the terms of the promissory note, and was therefore properly excluded. The record does not disclose the exact theory upon which the trial court determined this question. Practically the same question was presented in the case of Morrill, Receiver, v. Charles D. Harris, 167 Pac. 276. There it was contended that the court was in error in striking out testimony tending to show

that an agreement was made between the appellant and the agent of a bank, whereby the appellant was permitted to demand a cancellation of his stock subscription and the return of the note given therefor any time prior to its maturity. It was held that such an agreement was contrary to public policy, and that the officers and directors of the bank had no authority to make such an agreement, unless such power is given them by statute, charter, or by-laws. There is no evidence in the record here disclosing any such power in the president, agent, or any other officer of the investment company. The trial court was not in error in striking out such testimony.

The judgment of the trial court will therefore be affirmed, and it is so ordered.

ROBERTS and PARKER, JJ., concur.