[No. 2473.    March 1, 1921.]

## PARK v. MILLIGAN.

### SYLLABUS BY THE COURT.

1.   Where, in a contract for the sale of real estate, the deed is to be delivered on payment of the price in full, and there is no provision or agreement in regard to possession of the property during the performance of the contract the vendee has gone into possession with the consent or acquiescence of the vendor, a tender of a deed to the property and a demand for performance by the vendor, in the absence of special circumstances, are prerequisites in order to successfully maintain ejectment against the vendee.          P. 100

2.   Questions, points, issues, and matters not raised, presented, or passed on in the court below are not reviewable on appeal.                                                      P. 98

Appeal from District Court, Santa Fe County; Holloman, Judge.

Ejectment by E. Y. Park against M. M. Milligan. Judgment for defendant, and plaintiff appeals. Affirmed.

A. B. Renehan and Carl H. Gilbert, both of Santa Fe, for appellant.

J. H. Crist, of Santa Fe, for appellee.

### OPINION OF THE COURT.

RAYNOLDS, J.    This is a suit in ejectment brought by the appellant, Park, against the appellee, Milligan, for a certain lot situated in the town of Stanley, N. M.    From a judgment in favor of appellee, the appellant, plaintiff below, appeals to this court.

On August 14, 1915, appellant and appellee entered into a written agreement which is as follows:

"This agreement made this fourteenth day of August, one thousand nine hundred and fifteen, between E. Y. Park of Stanley, New Mexico, party of the first part, and Doctor M. M. Milligan, of Stanley, New Mexico, party of the second part, witness:

"Party of the first part agrees to sell to party of the second part, for one hundred twenty-five dollars, lot number twelve (12) block ten (10) with all buildings, improvements, etc., thereon, in the Tarr & Douglas addition to the town site

Park v. Milligan, 27 N. M. 96.

of Stanley, Santa Fe county, N. M.  Deed to be delivered upon payment in full of price.

"Party of second part agrees to pay twenty dollars in.cash, receipt of which is hereby acknowledged, and' to pay the balance of one hundred and five dollars within one year from above date.          [Signed]    E. Y. Park.
                                  "[Signed]    M. M. Milligan."

The $20 receipted for in the above agreement was paid on its execution.  A few weeks thereafter the appellant left the state of New Mexico and remained away until July, 1917.  In the meantime the appellee had taken possession of the property, although there was no stipulation in the contract whereby this right was granted.  The appellant, however, left the keys to the house upon the property with the postmaster and receipt for $30.  During the absence of the appellant the appellee paid the $30 on the purchase price by leaving it with the postmaster at Stanley; it having been agreed between the parties before appellant departed that the payment should be made in this manner.  No further payments were made during the year.  In October, 1916, several months after the expiration of the year provided for in the contract, the appellee wrote a letter to appellant at Savannah, Ga., but this letter was never received by the appellant.  In the letter the appellee stated that he would make arrangements for a payment with the First National Bank of Santa Fe, if that was satisfactory to the appellant.  In July, 1917, appellant returned to New Mexico, and finding the appellee in possession of the property demanded that he vacate, and told him (appellee) that inasmuch as the purchase price had not been paid, the contract would be canceled.  Appellee made no response to the demand to vacate and made no effort to pay the balance due on the contract; nor did appellant tender a deed and demand performance.  About three weeks later, after consulting his lawyer, appellee tendered the balance of the purchase price of the property, which tender was refused; appellant stating that he had already

declared the contract forfeited. Some time later the appellant again told the appellee that he had reconsidered and would accept the money tendered to make the conveyance. Appellee at this time stated that he did not have the money and could not pay. Subsequently, the parties met at Santa Fe, and a conversation took place in which the appellant offered to adjust the matter, but appellee again stated that he did not have the money at that time. On January 5, 1918, appellee having failed to pay for the land, and refused to vacate, appellant served formal notice to vacate, which was disregarded, and 15 months thereafter, April, 1919, suit in ejectment was started.

After trial before the court without a jury, judgment was rendered against the appellant and this appeal taken.

[2]    Appellant assigns 21 errors, most of which relate to findings of fact upon which there is a conflict of evidence, and they need not be considered, both on this account and because the appellant in his brief states that there is practically no dispute concerning the facts and a purely legal question is raised by this appeal. The appellant contends that, inasmuch as the contract of sale did not give the appellee any right to possession pending the consummation thereof, the only way in which the contract would be available to the appellee by way of defense to an ejectment suit would be by showing that the appellee had fully complied with its terms and was at the time of the institution of the suit entitled to specific performance of the contract. Appellant further contends that inasmuch as no right of possession was given by the contract, the appellee was either a trespasser or at best a licensee at the time he originally took possession of the property, and that in any event his holding become tortious on the demand of the appellant for possession. The fundamental error with this argument is that the action was tried below on the theory that appellee had

rightfully gone into possession and the question as to his being a trespasser or licensee was never raised by the pleadings or evidence, or considered by the court. This is shown by the record. The appellant did not question the right of appellee to possession, except on the ground that appellee had not performed his contract within the time limited. Appellant had also declared the contract forfeited, but the right of possession by the appellee under the contract was not raised. The question below concerned the performance of the terms of the contract by the parties. Appellant now seeks to shift his ground and maintain that as the contract gave no right to possession to appellee, he (the appellee) was entitled to none, and was either a trespasser or licensee, and that ejectment will lie against him. The appellant cannot thus shift his ground and raise questions which were not presented to the trial court, as has been often decided. Questions, points, issues, and matters which are not jurisdictional, not raised, presented, or passed upon below, are not reviewable on appeal. Chambers v. Bessent, 17 N. M. 501, 134 Pac. 237: Medler v. Childers, 17 N. M. 530, 131 Pac. 490; Childers v. Lahann, 19 N. M. 301, 142 Pac. 924; State v. Chaves, 19 N. M. 575, 145 Pac. 250; State v. Klasner, 19. N. M. 474, 145 Pac. 679, Ann. Cas. 1917D, 824; Fullen v. Fullen, 21 N. M. 212, 153 Pac. 294; State v. Ascarate, 21 N. M. 191 153 Pac. 1036; Murry v. Belmore, 21 N. M. 313, 154 Pac. 705; In re Dexter-Greenfield Drainage Dist., 21 N. M. 286, 154 Pac. 382; State v. Graves, 21 N. M. 556, 157 Pac. 160; Clark v. Queens Ins. Co., 22 N. M. 368, 163 Pac. 371; State ex rel. Baca v. Board, 22 N. M. 502, 165 Pac. 213; State v. Montes, 22 N. M. 530, 165 Pac. 797; Hopkins v. Norton, 23 N. M. 187, 167 Pac. 425; Maxwell v. Page, 23 N. M. 356, 168 Pac. 492, 5 A. L. R. 155; Morril v. Masten, 23 N. M. 563, 170 Pac. 45; Morstad v. A. T. & S. F. Ry. Co., 23 N. M. 663, 170 Pac. 886; Woods v. Fambrough, 24 N. M. 488, 174 Pac. 996; James v. Bd.

of County Com., 24 N. M. 509, 174 Pac. 1001; Palmer v. Farmington, 25 N. M. 145, 179 Pac. 227; Biggs Tie & Pole Co. v. Arlington, L. Co., 25 N. M. 613, 186 Pac. 449; Sandoval v. Unknown Heirs, 25 N. M. 536, 185 Pac. 282; Kelly v. La Cueva Ranch Co., 25 N. M. 674, 187 Pac. 547; Prichard v. Fulmer, 25 N. M. 452, 184 Pac. 529; Alvarado M. & M. Co. v. Warnock, 25 N. M. 694, 187 Pac. 542; Albuquerque & Cerrillos Coal Co., v. Lermuseaux, 25 N. M. 686, 187 Pac. 560.

[1]    The trial court apparently took the view that the negotiations had not been closed at the time the suit was instituted; that by the action of the parties the year in which the contract was to have been performed was extended from time to time, and that up to the date when the suit was instituted appellant had not tendered a deed and demanded performance by the appellee.   This view is borne out by the record and by the statement of facts hereinbefore made.   At the time the appellant instituted his suit, he was not, according to the court's findings, the owner in fee simple and entitled to possession of the lot in question.   The contract of purchase was outstanding, and the appellee was in possession of the property under a construction of the contract upon which both parties had acted.   At no time had the appellant put the appellee in default by tender of a deed and a demand for performance.   The possession by the appellee from the inception of the contract had been acquiesced in by the appellant. Both parties were never ready and willing to perform the contract at the same time, and the negotiations had extended the time of performance and kept the contract in force up to the date of this action.   Appellant also testified that he desired the return of the property; that he did not care for the performance of the contract and the money which was due him under it.

Under these circumstances, we think the trial properly decided that appellant was in no position

to bring ejectment and that his action should fail. It is an elementary proposition of law, and admitted by both sides to this controversy, that the plaintiff in ejectment must recover upon the strength of his own title, and not upon the weakness of his adversary. The plaintiff, the appellant here, made no showing to sustain the allegations in his complaint in ejectment, i. e., that he was the owner in fee and entitled to the possession of the lot in question.

Finding no error in the record, the decision is therefore affirmed, and it is so ordered.

ROBERTS, C. J., and PARKER, J., concur.