[No. 2824.  Aug. 29, 1924.]

## EL PASO CATTLE LOAN CO. OF EL PASO, TEX., v. STEPHENS & GARDNER et al.

### SYLLABUS BY THE COURT

1. A promise. by the husband to give a mortgage on community real estate, in which the wife does not join, furnishes no basis upon which an equitable mortgage can be declared.

2. Issues or questions not presented to the lower court will not ordinarily be considered here.

Appeal from District Court, Otero County; Ed Mechem, Judge.·

Action by the El Paso Cattle Loan Company of El Paso, Tex., against Stephens & Gardner and others. From a judgment for defendants, plaintiff appeals. Affirmed.

Croom, Goldestein & Croom and E. L. Medler, all of El Paso, Texas., for appellant.

Lee R. York, of Abilene, Tex., and E. R. Wright, of Santa Fe, for appellees.

### OPINION OF THE COURT

PARKER, C. J. Appellant brought action to have declared in its favor an equitable lien or mortgage upon the real estate of the appellees John C. Stephens and Joseph R. Gardner, and to have the same foreclosed and established as a prior lien to the mortgage of appellee the First State Bank of Cloudcroft and the deed to appellee D. S. Stephens both executed by said John C. Stephens and Joseph R. Gardner and their respective wives. The proceeding was prosecuted upon the theory that the said J. C. Stephens and Joseph R. Gardner, at the time they procured a large loan from appellant, and in addition to the giving of a chattel mortgage on cattle as security for the loan, promised to execute and deliver to the appellant a mortgage on the real estate described in the complaint, and which they had refused to do. The lands

were community property, and the respective wives of the owners had not joined in the promise to execute the mortgage, if such promise was in fact made. At the close of appellant's case appellees demurred to the evidence on the ground that it failed to establish a cause of action, which motion was sustained, and the complaint of appellant dismissed.

[**1**] 1. The question, then, is whether an equitable mortgage may be declared under these circumstances. It is to be noted that the property is community property. The respective wives made no promise to appellants. While community property is subject to the payment of communty debts, created by the husband alone, the mortgage of community real estate is expressly prohibited by chapter 84, Laws 1915, except where the mortgage is executed by both husband and wife. If the husband alone cannot mortgage community real estate, then he certainly cannot make a valid contract to do so, which would be a sufficient basis upon which to declare an equitable mortgage. The whole doctrine of equitable mortgage rests upon the equitable maxim that equity regards that as done which ought to be done. If the promise and the neces- sary accompanying circumstances are sufficient to establish the right, then, in legal contemplation, a mortgage in fact exists the same as if it had been for- mally executed. But by this statute both the actual and the fictional mortgage are prohibited. We recently considered this statute in Terry v. Humphreys, 27 N. M. 564, 203 Pac. 539, and Adams v. Blumenshine, 27 N. M. 643, 204 Pac. 66, 20 A. L. R. 369. Our present conclusion in this case is in accordance with the prin- ciples announced in those cases.

2. Appellant argues that error was committed against it in dismissing its complaint upon the ground that the facts pleaded by it entitled it to relief as a general creditor, under the provisions of sections 274- 280, Code 1915. Section 274 provides that every sale, mortgage, or assignment in contemplation of insolvency and with design to prefer one creditor over another

shall operate as an assignment for the benefit of all creditors. It is alleged in the complaint that the mortgage to the bank and the deed to D. L. Stephens, were so made, and were made without present consideration and, upon information and belief, without any consideration. This allegation fairly follows the section. Section 276 requires the plaintiff to set out the amount of debts of the defendant, so far as known, and the court is required to summon all creditors, and provides for process for that purpose. Appellant failed to follow this section, but contented itself by alleging that the appellees owed debts other than the one due it. Section 277 provides for the appointment of a receiver to administer and close out the estate, and authorize the court to compel a fraudulent transferee to turn over to the receiver all of his property not exempt, and to disclose the amount of his debts and the names and addresses of his creditors. This section was not followed. A receiver was asked for, but not the kind of a receiver contemplated by the statute. A receiver to take charge of the real estate so that it might be used for the care and pasturage of the cattle, together with an injunction against the bank and D. L. Stephens restraining them from interfering with the possession of the receiver for such purposes, was all that was claimed or asked for. The appellant wished the estate preserved until it could establish its equitable mortgage and obtain a decree of foreclosure of the same, and nothing more. The action was in its own interest only, and not in the interest of all creditors of the debtors.

[2] It thus appears that to allow appellant, after failing to establish its equitable mortgage, which was the original object of the action, to shift its ground and claim that the action was under the statute, the terms of which were in no sense followed, would be going to lengths not allowable. The question whether the complaint stated such a cause of action was not presented to the court below, and could not be here decided without making a new case, involving new issues, requiring new parties and new and different

procedure. This will not do. See Cadwell v. Higginbotham, 20 N. M. 482, 151 Pac. 315; Park v. Milligan, 27 N. M. 96, 196 Pac. 178.

Counsel complain of the action of the court in awarding foreclosure of the mortgage to the bank upon its cross-complaint. Just how appellant has any interest in this part of the judgment we are unable to see. Appellant has lost its case as to its equitable mortgage, and has no specific claim or lien upon the property. It was not entitled to be heard as to the foreclosure.

It follows from all of the foregoing that the judgment of the court below was correct and should be affirmed, and it is so ordered.

BRATTON and BOTTS, JJ., concur.