516 P.2d 666

Canuto SANCHEZ, Jr., and Beverly Ann
Sanchez, Plaintiffs-Appellants,

v.

John N. SCOTT and Leta M. Scott,
Defendants-Appellees.

John N. SCOTT and Leta M. Scott,
Third-Party Plaintiffs-Appellees,

v.

Raymond P. PENDLETON et al., Third-
Party Defendants-Appellees.

No. 9654.

Supreme Court of New Mexico.

Nov. 30, 1973.

Dan B. Buzzard, David W. Bonem,
Clovis, for plaintiffs-appellants.

Edward J. Apodaca, Albuquerque, for
John and Leta Scott.

## OPINION

McMANUS, Chief Justice.

This suit was brought in the District Court of Guadalupe County, Fourth Judicial District, State of New Mexico. The plaintiffs Sanchez sought possession of certain described real property, together with damages, for the wrongful withholding of same since May 1968. Defendants Scott, by counter-claim, sought to quiet title to the same real property. By third-party complaint, defendants sought to specifically enforce a proposed agreement entered into between the defendants, plaintiffs, and all of the third-party defendants wherein it was agreed that certain real property would be exchanged by the parties in order that the physical boundary lines of said property would be made to conform to the manner in which improvements were placed on the property. The third-party defendant, American Oil Company, filed its cross-claim and counter-claim seeking to establish the boundaries of the tracts involved by acquiescence and agreement of the parties as those on which improvements had actually been placed by the parties.

Plaintiffs (appellants) appeal from the trial court's judgment wherein it was ordered that the plaintiffs' complaint be dismissed; that the boundary between the plaintiffs and defendants (appellees) was established by acquiescence so that the defendants' improvements are within the boundaries of their tract and certain described property was therefore quieted in the name of the defendants; similarly, that the boundary between third-party defendant American Oil Company was established by acquiescence so that the latter's improvements were within the boundaries of this tract and certain described property was quieted in the name of American Oil Company.

As to that portion of the judgment granting American Oil Company relief, we

need make no comment since that portion of the appeal was dismissed by this Court by order on June 14, 1973.

■ Plaintiffs first contend that the proposed agreement entered into between the parties to reestablish the boundary line should be specifically enforced. We disagree and affirm the trial court's holding that this proposed agreement was unenforcible due to the failure of the wives of the parties to execute the same. The effect of the proposed agreement would have been to shift the property lines of the parties approximately 60 feet to the west. The shift would have been accomplished by the execution of quitclaim deeds provided for in the unexecuted agreement. This is clearly improper since § 57–4–3, N.M.S.A. 1953 (Repl. Vol. 8, pt. 2, 1962), provides that both the husband and the wife must join in all deeds and mortgages affecting community real property (which apparently this property was). Furthermore, it has been held that a contract purporting to sell community real estate would not be ordered to be specifically performed where the wife did not join the husband's agreement to sell. Adams v. Blumenshine, 27 N.M. 643, 204 P.2d 66 (1922).

The second issue before us is to determine whether or not the doctrine of acquiescence applies in this case. To so determine, we shall refer to the case of Rodriguez v. Ranch Co., 17 N.M. 246, 134 P. 228 (1912). There, the court found that if there is doubt or uncertainty as to the true location of a boundary line, the parties may by parol agreement fix a line which will, at least when followed by possession with reference to the boundary so fixed, be conclusive upon them *and their grantees.* This line must be considered as the true boundary line between the parties and their grantees even though the period of such acquiescence falls short of the time fixed by statute for gaining title by adverse possession. Furthermore, this boundary line will bind the parties and their grantees

notwithstanding the same may not, as a matter of fact, be the correct line as long as the parol agreement is fair, conscionable and free from fraud.

■ The facts of the instant case are as follows. Appellees purchased the property involved from a Mrs. Colton on March 14, 1960. At the time of sale, there apparently was some doubt as to where the true boundary was located. The grantor's husband, therefore, showed appellees where he believed the property line to be. In reliance on this parol description and after the property had been surveyed, the appellees expended $54,566.00 for the purchase of the land and placing of improvements thereon. It was at no time contended that any of these transactions were anything but fair. From this evidence, the trial court concluded that Mrs. Colton acquiesced in a common boundary between the two tracts while the appellees were building the improvements and this acquiescence existed from 1960 until 1966 when Mrs. Colton conveyed to the appellant (grantee) the land she had retained. In 1967, the land was resurveyed with a view toward putting in new sewers and it was determined that the appellees had constructed their improvements too far west, thus encroaching upon appellants' lot. Appellants, for the first time, proposed that the property be re-subdivided but appellees refused to consent, contending that Mrs. Colton and her grantees (appellants) had acquiesced as to the existence of the mutual boundary line, were cognizant of all improvements made, did not object thereto until suit was filed on May 12, 1971, and, therefore were precluded from claiming that the boundary line thus recognized and acquiesced in was not the true one. We agree that the boundary in question has been established by acquiescence.

The judgment is affirmed. It is so ordered.

OMAN and STEPHENSON, JJ., concur.