This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

     Plaintiff-Appellee,

v.                                **NO. 30,174**

**LARRY GREGORY,**

     Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF EDDY COUNTY**
**Thomas A. Rutledge, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

William N. Weiss
Carlsbad, NM

for Appellant

**MEMORANDUM OPINION**

**FRY, Chief Judge.**

Defendant appeals from the district court's order dismissing his appeal from a speeding conviction in magistrate court. [DS 2] Defendant contends that the district court erred in dismissing his appeal as untimely. [DS 6] We issued a calendar notice

proposing to summarily affirm the district court. Defendant filed a timely memorandum in opposition. Remaining unpersuaded, we affirm.

**DISCUSSION**

Defendant appeared pro se in the proceedings before the magistrate court and then obtained counsel before the district court. [DS 2, 5] According to Defendant, he was found guilty of speeding in magistrate court after a bench trial on March 9, 2009. [MIO 3] Pursuant to the magistrate court rules of procedure, Defendant was required to appeal the final order finding him guilty of speeding by filing a notice of appeal in district court within fifteen days. *See* Rule 6-703(A) NMRA. Instead of doing so, Defendant filed a letter with the magistrate court on March 20, 2009, indicating that he intended to appeal the court's ruling. [RP 16] On April 17, 2009, Defendant filed a notice of appeal in magistrate court and was later informed by the magistrate court that he needed to file the notice of appeal in district court. [DS 4] Defendant did not file a notice of appeal in the district court until May 13, 2009. [RP 19]

As discussed in our calendar notice, the State argued to the district court that Defendant's notice of appeal was untimely. [DS 4-5] The district court heard testimony from Defendant about court errors and argument from Defendant's counsel that the district court should waive the time limit requirement for filing the notice of appeal because of those errors. [DS 2-5] The district court allowed Defendant to

submit a letter from the chief clerk of the magistrate court to demonstrate his allegations of court error. [DS 5-6] After hearing argument and considering the letter, the district court dismissed the case for lack of jurisdiction. [DS 6; RP 43]

Our calendar notice proposed to affirm the district court's ruling. Compliance with notice of appeal time and place requirements are mandatory preconditions to the exercise of appellate jurisdiction. *See Govich v. N. Am. Sys., Inc.*, 112 N.M. 226, 230, 814 P.2d 94, 98 (1991). Defendant was required to file his notice of appeal in district court within fifteen days. *See* Rule 6-703(A). Although Defendant may have signaled his intent to appeal the magistrate court's ruling by filing a letter in magistrate court on March 20, 2009, he did not file a timely appeal in the district court as required. Thus, we proposed to hold that the district court did not err in ruling that it could not exercise jurisdiction over the appeal because the mandatory preconditions were not met. *See Govich*, 112 N.M. at 230, 814 P.2d at 98.

In response, Defendant continues to argue that his untimely appeal should be excused because the magistrate court did not advise him of his right to appeal within fifteen days [DS 3; MIO 1-3] and the magistrate court clerks contributed to his mistakes. [DS 3-4; MIO 3-5] We remain unpersuaded that the district court erred in rejecting Defendant's various allegations that his failure to file a timely appeal in the proper court late was due to court error.

Defendant was not able to offer any proof to support his claims other than his own testimony. *See State v. Aragon*, 1999-NMCA-060, ¶ 10, 127 N.M. 393, 981 P.2d 1211 (recognizing that there is a presumption of correctness in the rulings or decisions of the district court, and the party claiming error bears the burden of showing such error). The district court was not required to believe Defendant's after-the-fact assertions. *See State v. Salas*, 1999-NMCA-099, ¶ 13, 127 N.M. 686, 986 P.2d 482 (recognizing that it is for the fact-finder to resolve any conflict in the testimony of the witnesses and to determine where the weight and credibility lay).

As our Supreme Court has observed, "[o]nly the most unusual circumstances beyond the control of the parties—such as error on the part of the court—will warrant overlooking procedural defects." *Trujillo v. Serrano*, 117 N.M. 273, 278, 871 P.2d 369, 374 (1994). Here, we are not persuaded that such unusual circumstances exist. Although Defendant attempts to blame the late filing of the notice of appeal on the magistrate court, we are not persuaded that the district court erred in rejecting those claims. On the record before us, we can only conclude that Defendant failed to make any effort to consult the rules and was not diligent in taking steps to perfect his appeal. We further cannot excuse Defendant's failure to consult the rules based on his pro se status before the magistrate court. *See Bruce v. Lester*, 1999-NMCA-051, ¶ 4, 127 N.M. 301, 980 P.2d 84; *see also Newsome v. Farer,* 103 N.M. 415, 419, 708 P.2d 327,

331 (1985) (holding that pro se litigants are held to the "same standard of conduct and compliance with court rules, procedures, and orders as are members of the bar").

**CONCLUSION**

We affirm the district court's order of dismissal.

**IT IS SO ORDERED.**

_____

**CYNTHIA A. FRY, Chief Judge**

**WE CONCUR:**

_____

**MICHAEL E. BUSTAMANTE, Judge**

_____

**JONATHAN B. SUTIN, Judge**